UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERLAN H. DAVIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>C. PLIER, et al.,<br><br>　　　　　　Defendants. | CV F- 04-6265 REC DLB P<br><br>ORDER DISMISSING AMENDED<br>COMPLAINT WITH LEAVE TO FILE<br>A SECOND AMENDED COMPLAINT |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff filed the original complaint on September 15, 2004 and an amended complaint on April 6, 2005.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In plaintiff's amended complaint, he names as defendants the Director of the California Department of Corrections; C. Plier; J. Woodford; Correctional Officer Mallard; P.L. Vazquez; R.N. Grant; Mercy Hospital of Bakersfield and numerous other unnamed individuals apparently employed at Wasco State Prison.  In the amended complaint, plaintiff requests that the original complaint be read in conjunction with the amended complaint and the attached documents.  Plaintiff states that the violation of his constitutional rights is continuing.  Plaintiff makes no specific allegations against the named defendants and simply refers to his original complaint.

Plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Because plaintiff has failed to file an amended complaint that is complete in and of itself, the Court will dismiss the amended complaint and grant plaintiff the opportunity to file a complete second amended complaint.  If plaintiff chooses to do so, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The amended complaint is DISMISSED and the Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, plaintiff must file a

second amended complaint curing the deficiencies identified by the court in this order;

    3.      If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and failure to state a claim upon which relief can be granted.

.      IT IS SO ORDERED.

    **Dated:**    **November 3, 2005**            **/s/ Dennis L. Beck**
3c0hj8                                                             UNITED STATES MAGISTRATE JUDGE