# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERLAN DAVIS, | CASE NO. CV-F-04-6265 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| C. PLIER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 15, 2004. Pending before the Court is plaintiff's second amended complaint filed January 3, 2006, in which plaintiff concedes that he did not complete the administrative grievance process available at his institution.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.

2002).  Plaintiff may not exhaust while the suit is pending.  <u>McKinney</u>, 311 F.3d at 1199-1201.

In his second amended complaint, plaintiff alleges that on March 15, 2004, he was attacked by other inmates based on confidential information.  Plaintiff alleges that correctional officers ignored his pleas for help and denied him medical care for his injuries.  In his second amended complaint, plaintiff concedes that although he filed an inmate appeal, the process is not complete.

Because it is clear from the face of plaintiff's complaint that he did not exhaust the available administrative remedies prior to filing suit, this action must be dismissed.  42 U.S.C. § 1997e(a); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting the available administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **December 27, 2006**                    **/s/ Dennis L. Beck**
3b142a                                                       UNITED STATES MAGISTRATE JUDGE